IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02183-MSK-MEH

STEPHEN LANE,

      Plaintiff,

v.

R.A. YOHN, Detective, and
THE CITY OF COLORADO SPRINGS,

      Defendants.

## ORDER GRANTING TEMPORARY STAY OF DISCOVERY

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants' Unopposed[1] Motion for Protective Order From Discovery and to Vacate the Scheduling Conference [filed October 9, 2012; docket #11]. The motion is referred to this Court for disposition. (Dockets #11.) Defendants ask the Court to issue a protective order and thereby stay all discovery pending the resolution of their motion to dismiss. In accordance with the stay, Defendants also ask the Court to vacate the upcoming Scheduling Conference. Plaintiff does not oppose a stay of discovery, but he does ask the Court to proceed with the Scheduling Conference as planned. Defendants' motion is **granted in part** and **denied in part** as follows.

**I.     Background**

Plaintiff initiated this action on August 17, 2012, pursuant to 42 U.S.C. § 1983 and the

---

[1]Though Defendants represented that their motion was unopposed, Plaintiff filed a response indicating that Defendants did not obtain Plaintiff's position on vacating the Scheduling Conference prior to seeking relief from the Court. (Docket #13.) Defendants' reply concedes this fact, but argues that Plaintiff's lack of opposition to a stay is not consistent with Plaintiff's desire to go forward with a Scheduling Conference. (Docket #14.)

Fourth Amendment to the United States Constitution. (Docket #1 at 5.) Defendants responded to the complaint with a motion to dismiss, asserting, among other defenses, qualified immunity on behalf of Defendant Yohn. (Docket #10.) In the motion at hand, Defendants request that all discovery be stayed pending resolution of the immunity defense. Defendants argue that "a stay as to some defendants but not others does not relieve the defendant asserting immunity from the burdens of litigation." (Docket #11 at 3.)

## II. Discussion

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Defendants seek protection from the burdensome expense of discovery at this stage in the case.

The Court's discretion to stay proceedings arises from its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery. *See Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question)*; Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)).

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be

allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same).  However, the defense of qualified immunity "is not a bar to all discovery."  *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004).  There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals.  *See Rome*, 225 F.R.D. at 643.  Additionally, permitting discovery up until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion for summary judgment.  *Id*. at 643-44.

In this case, like *Rome*, the City of Colorado Springs is entity for which there is no entitlement to qualified immunity.  However, Defendant Yohn's assertion of qualified immunity meets the *Rome* requirements for a stay insofar as Plaintiff seeks only money damages (as opposed to injunctive relief) and does not appear to sue Yohn in his official capacity.  Additionally, the present motion is distinguishable from the motion in *Rome* in that it comes immediately following a motion to dismiss, rather than at the summary judgment phase of the litigation.

Considering the early filing of the motion to dismiss premised, in part, on qualified immunity, the Court finds that a stay of all discovery with respect to Defendant Yohn in warranted based on his assertion of qualified immunity.  However, in light of Judge Krieger's determination in *Rome*, the Court is not persuaded that the City of Colorado Springs may rely on Yohn's assertion of immunity to postpone its discovery obligations.  Therefore, the Court considers whether a stay is warranted based on other grounds.

A stay of all discovery is generally disfavored in this District.  *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).  Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."

*Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted).

In determining whether a stay is appropriate, the following five factors guide the Court's analysis:

> (1) plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980). Weighing the factors set forth in *String Cheese Incident* for determining the propriety of a stay, this Court finds that a stay with respect to all defendants is appropriate in this case.

Beginning with the first *String Cheese* factor, it is admittedly difficult to assess Plaintiff's interests in light of his lack of opposition to the proposed stay. Like any litigant, Plaintiff has a general interest in proceeding expeditiously with his claims and in avoiding unnecessary delay. *See String Cheese Incident, LLC*, 2006 WL 89455 at *2. The Court, however, is reluctant to find particular prejudice on Plaintiff's behalf in the absence of Plaintiff's own assertion thereof. Thus, while Plaintiff may face some disadvantages arising naturally from any delay, Plaintiff's lack of opposition indicates that the cost of such delay will not be inordinate or unduly burdensome. The first factor weighs in favor of a stay.

The second factor *String Cheese* examines is the burden on Defendants if the parties are required to proceed with discovery while the motion to dismiss is pending. Importantly, Defendants' motion to dismiss, if granted, would dispose of all claims in this litigation. Thus, there is a distinct possibility that the discovery efforts of Defendants (and, in truth, Plaintiff) may be wasted entirely if the case does not survive early dismissal. Because the potential burden on

Defendants is high, the second factor weighs in favor of a stay.

Consideration of the remaining *String Cheese* factors also favors a stay. Though conducting a Scheduling Conference is generally not an onerous task, managing discovery and establishing different deadlines for each defendant presents significant logistical challenges. Additionally, resolving discovery disputes with respect to one but not both of the Defendants increases the likelihood that the Court will be required to duplicate its efforts at a later point in the litigation. The Court's convenience is best favored by a stay. To the extent the public is interested in reducing the workload of the Court, factor five also weighs in favor of a stay. Factor four, in the Court's view, is neutral.

Because factors one, two, three and five weigh in favor of a stay, and factor four does not affect the balance, the Court finds that a temporary stay of proceedings is appropriate in this case.

**III.    Conclusion**

As noted above, Defendants' motion seeks protection from the burdens of discovery through a stay of proceedings pending a ruling from the District Court on Defendants' motion to dismiss. Though Defendant Yohn is entitled to such protection based on his assertion of qualified immunity, the Court finds that a stay with respect to all parties avoids potentially duplicitous scheduling and discovery. Therefore, Defendants' Unopposed Motion for Protective Order From Discovery and to Vacate the Scheduling Conference [filed October 9, 2012; docket #11] is **granted in part and denied in part** and the Scheduling Conference set in this case for November 14, 2012, is hereby **vacated**. The Court will stay all proceedings through and including **January 4, 2013**, at which time the Court will hold a Status Conference at **9:45 a.m.** to determine whether a continued stay is appropriate.

Entered and dated at Denver, Colorado, this 15th day of October, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge