**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 12-cv-02183-MSK-MEH

STEPHEN LANE,

    Plaintiff,

v.

R.A. YOHN, Detective;
THE CITY OF COLORADO SPRINGS,

    Defendants.

_____

**OPINION AND ORDER ADOPTING RECOMMENDATION AND
GRANTING MOTION TO DISMISS**
_____

**THIS MATTER** comes before the Court pursuant to Mr. Lane's Objections **(# 31)** to the Magistrate Judge's February 5, 2013 Recommendation **(# 29)** that the Defendants' Motion to Dismiss **(# 21)** be granted, the Defendants' response **(# 32)**, and Mr. Lane's reply[1] **(# 33)**.

## BACKGROUND

According to Mr. Lane's Amended Complaint **(# 20)**, in 2011, an anonymous informant contacted the Colorado Springs Police Department, advising that an associate of the informant was trafficking in methamphetamine. The informant advised police that the suspect went by the

---

[1] The Defendants move **(# 34)** to strike Mr. Lane's reply on the grounds that Rule 72(b) does not contemplate the filing of a reply in support of Objections. Mr. Lane prophylactically moves **(# 36)** for special leave to file a reply, if the Court were inclined to agree with the Defendants that no reply is typically permitted under Rule 72 proceedings.
    The Court need not address this collateral issue in any detail, as it finds that Mr. Lane's reply largely repeats arguments Mr. Lane makes in his Objections. Since the reply brief adds nothing unique to the calculus, the Court merely denies both parties' motions as moot.

name "AKA Kid," but the informant believed that the suspect's actual name might be "Steve" and that he used a certain phone number. On July 11, 2011, Defendant Yohn, a Colorado Springs Police Officer, acting undercover, called the number given by the informant and left a message. A person identifying himself as AKA Kid returned Officer Yohn's call from a different number, and the two made arrangements for Officer Yohn to make a purchase of methamphetamine. Officer Yohn noted the vehicle driven by the suspect, as well as its license plate number. The suspect got in Officer Yohn's car, and they completed the transaction. Officer Yohn completed a second purchase from the same suspect a week later.

Based on both the informant's information and her own interactions with the suspect, Officer Yohn consulted the Police Department's mug shot collection, specifically looking for individuals with the name "Steve" who fell within the apparent age range of the suspect. Officer Yohn concluded that a mug shot belonging to Mr. Lane was that of the suspect. In September 2011, Officer Yohn completed an application for an arrest warrant for Mr. Lane, and a warrant was issued. Mr. Lane was arrested on the outstanding warrant in April 2012. On April 30, 2012, all charges against Mr. Lane were dropped when it was concluded by the prosecutor that he was not the suspect that had dealt with Officer Yohn.

The Amended Complaint alleges that Officer Yohn acted unreasonably in seeking a warrant for Mr. Lane's arrest. Among other things, Mr. Lane notes that the mug shot she viewed was taken in 2009 (that is, two years prior to Officer Yohn's review), that the suspect had a neck tattoo that Mr. Lane's mug shot did not show, that the suspect was 60 pounds heavier than Mr. Lane appeared in the mug shot, and that the suspect's eyebrows and nose were "different" than Mr. Lane's. Mr. Lane also alleges that Officer Yohn did not independently verify the credibility

of the informant's information, did not independently investigate the ownership of the suspect's vehicle, did not review telephone records, and did not attempt to take and match the suspect's fingerprints from her own vehicle.

Mr. Lane's Amended Complaint asserts two unenumerated claims, both under 42 U.S.C. § 1983: (i) a claim against Officer Yohn individually, for violation of his Fourth Amendment right to be free from unreasonable seizures; and (ii) a *Monell*-type claim against the City of Colorado Springs, in that the City was aware of previous instances of misidentification of suspects and yet failed to adequately train its employees in order to prevent such misidentifications.

Both Defendants moved **(# 21)** to dismiss Mr. Lane's claims, arguing: (i) Officer Yohn had probable cause to request a warrant for Mr. Lane's arrest on the strength of her identification of him through his mug shot, notwithstanding the differences between the mug shot and the suspect's appearance; (ii) at best, Mr. Lane has identified only negligence by Officer Yohn in not confirming her identification further, and a constitutional violation requires deliberate or reckless conduct; (iii) there is no clearly established law supporting a claim for mistaken issuance of an arrest warrant, except in circumstances where it is "obvious that [no] warrant should issue"; (iv) any claim against the City should be dismissed if no constitutional violation was committed by Officer Yohn; and (v) Mr. Lane fails to allege facts showing the City's deliberate indifference to the risk of mistaken arrests.

The Court referred the matter to the Magistrate Judge for a recommendation. On February 5, 2013, the Magistrate Judge issued a Recommendation **(# 29)** that the Defendants' motion be granted. Specifically, the Magistrate Judge found: (i) pursuant to *Messerschmidt v.*

*Millender*, 132 S.Ct. 1235, 1245 (2012), the approval of the warrant application by a neutral magistrate requires that Mr. Lane demonstrate that "no reasonably competent officer would have concluded that a warrant should issue" under the circumstances; (ii) that Mr. Lane concedes he did not allege reckless or intentional conduct by Officer Yohn; (iii) the fact that Officer Yohn disregarded certain mutable identifying details (the absence of a tattoo, the suspect's weight) in assessing the mug shot was not unreasonable, and Mr. Lane identified no authority establishing constitutional liability based on an officer's misidentification of a suspect based solely on differences in facial features; and (iv) that Mr. Lane had not sufficiently pled that any failure to train by the City was substantially certain to result in future constitutional violations because "the majority of cases in which the misidentification occurred resulted in no civil actions," or resulted in a civil action that was dismissed for failure to state a claim.

Mr. Lane filed timely Objections **(# 31)** to the Recommendation, primarily arguing that: (i) the Magistrate Judge erred in not drawing reasonable inferences in Mr. Lane's favor; and (ii) that the requirement of showing that an act contravened "clearly established" law does not necessarily require citation to an on-point case.

On August 21, 2013, the Court issued an Order **(# 40)** noting that it had completed a preliminary review of the Defendants' motions. It stated that it believed that Mr. Lane's mug shot and the surveillance photographs taken of "AKA Kid" were matters that could properly be considered by the Court on a Rule 12 motion and directed the Defendants to file such photographs. The Defendants did so and the Court has reviewed those photographs **(# 41)**.

## ANALYSIS

### A. Standard of review

Pursuant to Fed. R. Civ. P. 72(b), the Court reviews to objected-to findings in the Recommendation *de novo*.

The Defendants' motion to dismiss invokes Fed. R. Civ. P. 12(b)(6). In assessing such a challenge, the Court treats all well-pled allegations as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). The Court limits its review to the four corners of the Complaint, although it may also consider any documents that are attached to the Complaint, as well as any documents that are specifically-referenced in and central to the Complaint, so long as the authenticity of those documents are not disputed. *See generally Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir. 2002). The Court finds that the photographs of Mr. Lane and "AKA Kid" are either expressly or inferentially-referenced in the Amended Complaint (the surveillance photos of "AKA Kid" are inferentially referenced by Mr. Lane in the Amended Complaint insofar as he alleges that he reviewed the surveillance photos of AKA Kid and that his eyebrows and nose are different), and Mr. Lane has not lodged any objection to the authenticity of the photos filed by the Defendants.

### B. Claim against Officer Yohn

The Court notes that Officer Yohn moved, and the Magistrate Judge recommended, that Mr. Lane's claims be dismissed on the grounds of qualified immunity. Qualified immunity protects individual state actors from civil liability if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Messerschmidt*, 132 S.Ct. at 1244. The qualified immunity analysis proceeds along two lines: (i)

the Court examines whether the facts alleged in the plaintiff's pleading are sufficient to state a cognizable claim for violation of a constitutional right, and (ii) the Court also examines whether, at the time of the conduct at issue, that constitutional right was "clearly established" under existing law in the particular circumstances presented. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The Court may undertake these two inquiries in whichever order it deems fit. *Id.* at 236.

For all practical purposes, the first inquiry is indistinguishable from the inquiry that the Court would take in assessing a garden-variety Rule 12(b)(6) challenge to the sufficiency of the pleadings. The Court is required to take the well-pled allegations in the light most favorable to the plaintiff and assess whether the facts alleged are sufficient to demonstrate the violation of a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

The "clearly established" inquiry examines whether the contours of the constitutional right were so well-settled, in the particular circumstances presented, that "every reasonable [state] official would have understood that what he is doing violates that right." *Reichle v. Howards*, 132 S.Ct. 2088, 2093 (2012). To satisfy this prong, the burden is on the plaintiff to point to Supreme Court or Tenth Circuit precedent (or the clear weight of other circuit courts) that recognizes an actionable constitutional violation in the circumstances presented. *Schwartz v. Booker*, 702 F.3d 573, 587-88 (10th Cir. 2012); *see also Thomas v. Durstanti*, 607 F.3d 655, 669 (10th Cir. 2010) (plaintiff bears the burden of citing to requisite authority). It is not necessary for the plaintiff to adduce a case with identical facts, but the plaintiff must identify some authority that considers the issue "not as a broad general proposition," but in a "particularized"

sense[2] – for example, it is not sufficient to ask whether it is "clearly established" that the Fourth Amendment prohibits the use of excessive force in effecting an arrest; rather, the court examines whether that constitutional principle has previously been found to prohibit "shoot[ing] a disturbed felon, set on avoiding capture through vehicular flight, when persons in the immediate area are at risk from that flight." *Brosseau v. Haugen* 543 U.S. 194, 198-200 (2004).

With these standards in mind, the Court turns to a *de novo* review of Officer Yohn's motion. The Court begins with the question of whether Mr. Lane's Amended Complaint sufficiently pleads a cognizable violation of the Fourth Amendment. The Fourth Amendment requires that any arrest be supported by probable cause to believe that the person being arrested has committed a crime. *Bailey v. U.S.*, 133 S.Ct. 1031, 1037 (2013). Whether sufficient probable cause exists for an arrest "depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Davenpeck v. Alford*, 543 U.S. 146, 152 (2004).

However, the probable cause question is more complicated here, insofar as Officer Yohn applied for (and received) a warrant for Mr. Lane's arrest through a neutral magistrate. In such circumstances, the magistrate is required to independently examine whether the officer's application demonstrates probable cause, and the magistrate's approval of that request is typically considered to be a *prima facie* showing that the officer's request was reasonable. *Messerschmidt*, 132 S.Ct. at 1245. In such circumstances, if it ultimately turns out that the

---

[2]     *Brosseau* notes, in *dicta*, that in "obvious" cases, it may be that the contours of the constitutional right are so clear that citation to a relevant body of case law is unnecessary. *Id.*, citing *Hope v. Pelzer*, 536 U.S. 730, 738 (2002). However, in *Hope*, the Supreme Court specifically found pre-existing Circuit Court precedent sufficient to clearly establish that the conduct in question (handcuffing an inmate to a hitching post for several hours as a punishment) was unconstitutional. *Id.* at 742.

officer seeking the warrant identified the wrong suspect, the Fourth Amendment is violated only where the officer either: (i) knowingly or recklessly made false statements or omissions in the warrant affidavit, which, in turn, were essential to the demonstration of probable cause, *see Taylor v. Meacham*, 82 F.3d 1556, 1562 (10th Cir. 1996), or (ii) the warrant application was so bereft of facts sufficient to establish probable cause that no reasonable police officer could have concluded that a warrant could properly issue pursuant to it. *Messerschmidt*, 132 S.Ct. at 1245.

Although Mr. Lane alleges that Officer Yohn omitted some information from the warrant application – *e.g.* that she did not verify whether telephone or motor vehicle records corroborated a connection between the suspect and Mr. Lane – but, he is clear in both his response to the Defendants' motion and in his Objections that he is not alleging that those omissions were purposefully or recklessly made by Officer Yohn.  Thus, the question of whether Officer Yohn had probable cause to request the issuance of a warrant for Mr. Lane turns on the question of whether, based on the facts alleged in the Amended Complaint, a reasonable police officer could have concluded that the information Officer Yohn had was sufficient to establish probable cause.

The key fact in Officer Yohn's affidavit in support of the warrant application[3] is the recitation that she "reviewed the Colorado Springs Police Department digital mug shot photo system" and "was able to positively identify [Mr. Lane] as AKA Kid who [she] had completed controlled narcotic transactions with."  In this sense, Officer Yohn is like any other witness to a crime making a positive identification of a suspect.  Such identifications "are generally entitled to a presumption of validity and veracity," and thus, supply probable cause to make an arrest

---

[3] The Defendants produced that affidavit in their motion papers, and Mr. Lane has not disputed its authenticity. Because it is expressly referred to in the Amended Complaint and central to the claims herein, it is properly before the Court on a motion to dismiss.

"unless . . . . there is an apparent reason for the officer to believe that the eyewitness was lying, did not accurately describe what he had seen, or was in some fashion mistaken." *Stahl v. Czernik*, 496 Fed.Appx. 621, 624 (6th Cir. 2012) (unpublished), *citing Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999).

The Court has had the opportunity to review Mr. Lane's mug shot and the surveillance photographs of AKA Kid. Based on that review, the Court cannot say that the two individuals shown are so apparently dissimilar in appearance that it would be patently unreasonable for Officer Yohn to have believed that they were the same person. Both sets of photos depict a white male, approximately 20-25 years old. Some photos reveal AKA Kid's full body; Mr. Lane's mug shot depicts only Mr. Lane's head. Nevertheless, to the extent one can ascertain from Mr. Lane's photo, both men appear to be of average build (in the sense that appear neither particularly emaciated or corpulent[4]). Contrary to Mr. Lane's allegations, none of the photos of AKA Kid clearly depict that he has any neck tattoo (nor does Mr. Lane). Close examination of the photos reveals that AKA Kid's nose is slightly wider and his nostrils more flared than Mr. Lane's, but the difference is not so pronounced that, as Mr. Lane's brief suggests, one is comparing the noses of "Frank Sinatra and Jimmy Durante." Similarly, someone particularly adept at recognizing faces might discern a difference between the eyebrows of each person, but those differences are, at best, fairly subtle. All told, the Court cannot say that the differences, as shown in the photos, are so obvious that it would be unreasonable for any person to conclude that the two men are the same person. A reasonable officer, acting primarily upon her own

---

[4]   If anything, AKA Kid appears to be of a somewhat slight build; by no means is he "60 pounds heavier" than Mr. Lane appears to be.

perception and recollection of AKA Kid's features, could legitimately mistake him for the person shown in Mr. Lane's mug shot. Under these circumstances, then, Mr. Lane has failed to state a cognizable constitutional claim against Officer Yohn.

Mr. Lane argues that Officer Yohn failed to consider other items of evidence – motor vehicle records, telephone records, etc. -- that, if pursued, would have revealed before she sought the warrant that Mr. Lane was not AKA Kid. But this argument is largely irrelevant. Once Officer Yohn positively identified a person she reasonably believed to be AKA Kid, she had probable cause to seek an arrest warrant and was under no obligation to continue to investigate further on the possibility that evidence exculpating Mr. Lane might turn up. *See Cortez v. McCauley*, 478 F.3d 1108, 1121 n. 18 (10th Cir. 2007). Accordingly, Officer Yohn's motion to dismiss is granted.

### C. *Monell* claim

To state a claim against the City of Colorado Springs under *Monell*, Mr. Lane must alleged facts showing that: (i) he was subjected to a constitutional deprivation by a City employee; and (ii) that a municipal custom or policy was the moving force behind that deprivation. *Meyers v. Oklahoma Board of County Commisioners,*, 151 F.3d 1313, 1316 (10th Cir. 1998). Thus, where an individual fails to adequately allege a constitutional claim against any municipal official, a *Monell* claim against the municipality cannot lie. *Id.* Because Mr. Lane has not adequately alleged facts that would show that Officer Yohn's identification of him as AKA Kid violated the constitution, he cannot establish the first necessary element of a *Monell* claim against the City. The City's motion to dismiss is therefore granted.

The Court recognizes that this result is likely to be disappointing to Mr. Lane. Undoubtedly, being arrested on a warrant due to a mistaken identification was disruptive, distressing, and frustrating for Mr. Lane. The Court also agrees that, at least according to Mr. Lane's allegations, there were other areas of investigation that could – and in good conscience, probably should -- have been pursued to confirm Officer Yohn's suspicions. But the Court is bound by the legal standards that have been developed and those standards recognize that law enforcement officials should be given a fair degree of latitude in making identifications and seeking warrants based on such identifications. Although the law offers no remedy to Mr. Lane, the Court hopes that Officer Yohn, the City of Colorado Springs, and other law enforcement officials learn from this experience and exercise as much investigatory diligence as possible before leveling accusations.

## CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Mr. Lane's Objections **(# 31)** and **ADOPTS** the Magistrate Judge's Recommendation **(# 29)** on the grounds set forth above. The Defendants' Motion to Dismiss **(# 21)** is **GRANTED** and all claims in this action are **DISMISSED**. The Defendants' Motion to Strike **(# 34)** Mr. Lane's reply and Mr. Lane's motion for leave **(# 36)** to file a reply are **DENIED** as moot. The Clerk of the Court shall close this case.

Dated this 6th day of September, 2013.

**BY THE COURT:**

*Marcia S. Krieger*
_____

                                      Marcia S. Krieger
                                      Chief United States District Judge